UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
MELVIN J. DODDS,
                Plaintiff,                   **ORDER**
      v.                                           18-CV-1449

COMMISSIONER OF SOCIAL SECURITY,
                Defendant.
_____

## Background

Plaintiff, Melvin J. Dodds, brought this action pursuant to Title II and Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability and supplemental security income benefits. ECF No. 1.

On November 1, 2019, plaintiff's counsel filed a motion to substitute party requesting that this Court issue an order substituting plaintiff's children, Morgan Tyler Dodds and Jerica Leigh Dodds, for plaintiff. ECF No. 13. Defendant's position regarding the motion is unknown.

## Discussion

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1) Survival of plaintiff's claims

The regulations provide that if an individual dies before any payment of social security benefits is made, such benefits can be made to the child of the deceased individual if there is no surviving spouse left. 20 C.F.R. § 404 (d)(2); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-CV-1661(SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("[T]he Act expressly provides

1

for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Therefore, plaintiff's claims survive his death.

2) <u>Timeliness of motion</u>

As to the timeliness of plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013)(citations omitted). Here, plaintiff's counsel first informed the Court of plaintiff's death by filing a suggestion of death form on September 24, 2019. ECF No. 10. Accordingly, the Court finds that the motion to substitute was timely filed.

3) <u>Proper party for substitution</u>

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (*citing Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1–2.13 (McKinney). A "successor" of the deceased party is a "distributee" of the decedent's estate if the estate has been distributed at the time the motion for substitution is made." *Garcia*, 2009 WL 261365, at *1 (internal citations omitted). "Courts generally reserve judgment as to whether the movant is a proper party for substitution when he or she fails to establish that he or she is the deceased party's 'representative'

2

or a 'successor.'" *Scialdone v. Berryhill*, No. 16-CV-6433-FPG, 2017 WL 2835252, at *2 (W.D.N.Y. June 30, 2017) (internal citations omitted). However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute". *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Roe v. City of New York,* No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (plaintiff's parents were properly substituted as his distributees when plaintiff died intestate, did not have a wife or children, when his personal belongings were dispersed among his parents and siblings, and when no appointment of an executor or administrator of his estate was made by any court).

Here, plaintiff's counsel asserts that plaintiff's adult children, Morgan Tyler Dodds and Jerica Leigh Dodds, should be substituted for plaintiff. ECF No. 13-1. Both Morgan Tyler Dodds and Jerica Leigh Dodds also assert that their father was not married and did not have a will at the time of his death. ECF No. 13-2. However, neither of them demonstrated that she is a proper party to be substituted at this juncture. Neither counsel's affirmation, nor Mss. Dodds' affidavits, include proof establishing that they were granted testamentary letters of administration regarding the estate of their father, Melvin J. Dodds, or that they are distributees of his estate. For Mss. Dodds to be substituted, they must demonstrate that they are distributees of their father's estate and that the estate has been distributed without probate or that he has been appointed administrator

3

or executor of their father's estate. *Shapiro v. United States*, No. 07Civ. 161(PKL), 2008 WL 4302614, at *2 (S.D.N.Y. Sept. 17, 2008).

## Conclusion

Accordingly, plaintiff's motion for substitution (ECF No. 13) is **denied** with leave to renew upon the filing of the necessary supplemental documentation on or before **December 23, 2019**.

**IT IS SO ORDERED.**

Dated: November 22, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court